UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:	Chapter 7

    MICHAEL T. TAYLOR	<u>Memorandum of Law in Support of Motion</u>

                      Debtor.

Bk. No: 2-15-21315-PRW

**Summary of Relief Requested**

The debtor seeks to reopen his voluntary Chapter 7 bankruptcy case to amend his schedules to include a personal injury claim arising before filing bankruptcy.

**Background**

Mr. Taylor filed his bankruptcy petition on November 20, 2015. One month prior to filing, however, Mr. Taylor was involved in a car accident. But because Mr. Taylor did not know that he had a legal claim, he did not know that he had an asset to disclose. He had seen a personal injury attorney in October 2015, but nothing came of that meeting until one year later.

In October 2016, Mr. Taylor then was involved in a second car accident. He again saw a personal injury attorney, and also inquired about his first accident. According to Mr. Taylor, the previous attorney had left the firm, and no progress was made on the accident. It was then that he found out that he had a claim, and immediately told his bankruptcy attorney.

The delay from October 2016 to now resulted from miscommunication between Mr. Taylor and his bankruptcy attorney. On October 21, 2016, Mr. Taylor deposited the filing fee with his bankruptcy attorney to re-open the case. His attorney sought more information before drafting a motion, but it is unclear whether Mr. Taylor received his attorney's voicemails. Given the transient nature of the Legal Aid Society's low-income clientele, it is not uncommon for

clients to go months without contact. Mr. Taylor thought that his attorneys filed the necessary amendment, but his attorneys thought that Mr. Taylor was still gathering more information.

Mr. Taylor now comes before the court seeking to reopen his bankruptcy so that he can amend his schedules and add a potential personal injury claim as an asset.

## Law

The bankruptcy judge has the discretion to reopen a closed bankruptcy case to "administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). The Bankruptcy Code does not define "good cause," but Courts have found that cause constitutes "the need to amend schedules to add assets or creditors." *In re Stein*, 394 B.R. 13, 15 (Bankr. E.D.N.Y. 2008). This Court also uses a two-part analysis to determine cause: (1) whether the debtor acted in good faith, and (2) whether a slate of six factors weigh in favor of reopening the bankruptcy. *In re Jones*, 2016 WL 1265716 (Bankr. W.D.N.Y. 2016) (citing *In re Gill*, 529 B.R. 31, 36 (Bankr. W.D.N.Y. 2015)).

## **Good Faith**

Mr. Taylor acted in good faith because he did not understand that his first car accident automatically created a legal claim. If he: (1) did not know of the asset, or (2) had no motive to conceal it, then the Court could consider his omission inadvertent or an innocent mistake. *In re Lowery*, 398 B.R. 512, 516 (Bankr. E.D.N.Y 2008).

First, Mr. Taylor did not know that his accident gave rise to an asset in bankruptcy. Granted, Mr. Taylor's issue is not the traditional instance where a debtor lacks complete knowledge of an asset, like an unknown prior inheritance. Nevertheless, that Mr. Taylor did not know he had a legal claim speaks to his lack of knowledge of the asset. Debtors are not well-

versed in legal matters, and if Mr. Taylor was told by a personal injury law firm that it is unknown whether he has a legal claim, then it is certainly understandable if he took that statement at face value. From Mr. Taylor's perspective, he did not have a claim until he re-met with his personal injury firm in October 2016. As soon as he understood that he had a cognizable claim, Mr. Taylor immediately contacted his bankruptcy attorney. And while the law does not crave giving debtors too much leeway in making their own legal judgments, his mistake coupled with the rest of court's analysis weighs in favor of Mr. Taylor's lack of bad faith.

Second, Mr. Taylor had no motive to conceal his claim. At filing, Mr. Taylor had over $12,000 remaining in his wildcard exemption—plus $22,925 in the personal injury compensation exemption—leaving him able to protect a sizable amount of any personal injury claim.

Third, that Mr. Taylor is attempting to amend his schedules voluntarily speaks volumes to his lack of bad faith. In *Lowery*, the Court noted that it did not want to reward debtors who only attempted to reopen once caught by an adversary. Here, Mr. Taylor was not caught. No adversary pressured Mr. Taylor to amend his petition, and no adversary informed the trustee or a third-party of Mr. Taylor's omission. Rather, Mr. Taylor sought to amend his petition as soon as he understood that he should have initially disclosed the potential claim.

Finally, Mr. Taylor's failure to include his personal injury claim should be judged only upon his initial delay. Mr. Taylor informed his bankruptcy attorney in October 2016 that he my have had a potential personal injury claim. But as stated earlier, miscommunication between Mr. Taylor and his attorney delayed this filing until now. Mr. Taylor's intent was to re-open the case and file an amended set of schedules in October 2016, and that is the day that the Court should use when considering Mr. Taylor's delay. The subsequent delay was the result of

miscommunication between Mr. Taylor and his attorneys that should not negatively impact Mr. Taylor's good faith or delay from closing the case.

**Gill Factors**

Continuing the analysis for cause, the Court may consider numerous factors and "emphasize substance over technical considerations. *In re Gill*, 529 B.R. at 36. The court in *Gill* outlined six main factors:

(1) How long the case was closed;

(2) if a non-bankruptcy forum has jurisdiction to determine the issue underlying the reason for reopening;

(3) if the bankruptcy court determined in prior litigation that a state court would be the more appropriate forum;

(4) if any party would be prejudiced should the court grant or deny the motion to reopen;

(5) the extent that the debtor benefits by reopening; and

(6) if it is clear at the outset that reopening the case would provide no relief to the debtor.

*In re Gill*, 529 B.R. at 36 (quoiting *In re Wilson*, 429 B.R. 691, 695 (Bankr. S.D.N.Y. 2013))

The relevant factors in this case are numbers 1, 4, 5, and 6.

Factor 1: How long the case was closed

This factor weighs in favor of reopening the case because Mr. Taylor's bankruptcy case has been closed for only eighteen months. Eighteen months is a far cry from the thirteen years found in *Jones*. Moreover, Mr. Taylor initially notified his bankruptcy attorney of the mistaken omission in October 2016, less than two months after the case was closed. Finally, the delay is not long enough to have risked losing creditors. The Court in *Jones* was concerned that the

lengthy delay essentially eliminated any creditors with viable claims. Here, however, the delay adds no undue burden to a creditor's statute of limitations deadline, and most—if not all—the creditors listed in Mr. Taylor's schedules continue to exist.

Factor 4: Whether granting or denying the motion prejudices any party

This factor weighs in favor of reopening the case because denying the motion prejudices the estate's creditors. The creditors are prejudiced because they could obtain a disbursement. If the court does not re-open the case then the creditors lose out on a possible recovery. Re-opening the case will allow creditors to file proof of claims, and unlike in *Jones*, the passage of time here still leaves all creditors' claims intact.

Factor 5: The extend the debtor benefits by reopening

Mr. Taylor benefits here by being able to pursue his personal injury claim. However, this benefit is limited by statutory exemption amounts and potential trustee objections.

Factor 6: Whether it is clear at the outset that the debtor is not entitled to underlying relief

This factor weighs in favor of reopening the case because it is far from clear that the debtor does not prevail. Once the case is reopened the debtor will file an amendment listing his personal injury claim as an asset. The Trustee then has the ability to object if he sees fit, but also has the ability to take over the case.

**Conclusion**

The Court should reopen Mr. Taylor's bankruptcy to add a personal injury claim because the initial omission was inadvertent and not in bad faith. Mr. Taylor did not understand that he had a potential claim, and when told he had a claim, he immediately contacted his bankruptcy attorney. Moreover, he had no motivation to hide the claim because he had ample exemptions to protect a

sizable portion of any potential award. Finally, the majority of *Gill* factors weigh towards reopening the bankruptcy. A short delay coupled with the potential for creditors to receive a disbursement raise enough issues to warrant reopening the bankruptcy.

**Dated**: January 12, 2018

Michael A. Furlano, Esq.
LEGAL AID SOCIETY OF ROCHESTER, NY
*Debtor's Attorney*
One West Main Street, Suite 800
Rochester NY 14614
(585) 295-2763